[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Re: Motion to Strike #109
 FACTS
On August 3, 2001, the plaintiffs, Raymond and Angelina Bowling, Sr., and Raymond and Rhonda Bowling, Jr., filed a four-count complaint against Brian Mead, their former attorney, alleging breach of implied warranty, negligence in the preparation of mortgage documents, slander, libel and breach of attorney-client privilege and violation of the Connecticut Unfair Trade Practices Act (CUTPA), pursuant to General Statutes §42-110b.[1] This action arose out of a mortgage deed prepared by Mead from Raymond and Rhonda Bowling, Jr., on their Woodstock home to and in favor of Raymond and Angelina Bowling, Sr. The mortgage deed was executed by Raymond and Rhonda Bowling, Jr., on June 10, 1997, and the mortgage was recorded on July 18, 1997. Mead was not paid directly in cash for the legal services he rendered because Raymond Bowling, Jr., was actively training Mead in the development of a new business which Mead believed to be of great financial value. When Raymond and Rhonda Bowling, Jr., filed a chapter seven bankruptcy petition, it was discovered that Mead had not followed the Connecticut statutory mortgage procedure when he executed the mortgage documents by failing to prepare a promissory note and failing to put the terms of interest and date of payments in the mortgage instrument The plaintiffs allege that they suffered damages as a result of having to defend against the bankruptcy trustee's action to declare the mortgage invalid. In count four, Raymond and Rhonda Bowling, Jr., CT Page 9046 further allege that Mead, in the course of his representation of them over the years in all their legal matters, was privy to their personal and business information, and that Mead contacted the bankruptcy trustee in writing and made false and defamatory accusations that Raymond and Rhonda Bowling, Jr., were hiding assets from the trustee and creditors. Raymond and Rhonda Bowling, Jr., allege that Mead's slander, libel and breach of the attorney-client privilege constitutes immoral, oppressive and unscrupulous behavior in violation of CUTPA.
The defendant filed a motion to strike count four of the complaint with a supporting memorandum. Raymond and Rhonda Bowling, Jr., filed an objection to Mead's motion to strike with a supporting memorandum.
 DISCUSSION
Attorney Mead argues that the motion to strike count four of the complaint should be granted because allegations of his professional negligence are precluded from recovery under CUTPA. In opposition, Raymond and Rhonda Bowling, Jr., argue that the motion to strike their CUTPA claim should be denied because a CUTPA claim may be brought against an attorney when there is an allegation that the harm resulted from the commercial or entrepreneurial aspects of being a lawyer and not from representing a client. Raymond and
Rhonda Bowling, Jr., argue that Mead's conduct constitutes a CUTPA violation because a business relationship was established when Raymond Bowling, Jr., began advising Mead on the development of a new business in exchange for legal representation.
"To state a claim under CUTPA, the plaintiff must allege that the actions of the defendant were performed in the conduct of trade or commerce." (Internal quotation marks omitted.) Muniz v. Kravis,59 Conn. App. 704, 711, 757 A.2d 1207 (2000). "[P]rofessional malpractice does not give rise to a cause of action under CUTPA." Beverly HillsConcepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 79,717 A.2d 724 (1998). "This court has stated that, in general, `CUTPA apples to the conduct of attorneys.' Heslin v. Connecticut Law Clinic ofTrantolo Trantolo, 190 Conn. 510, 521, 461 A.2d 938 (1983). The statute's `regulation of the conduct of any trade or commerce does not totally exclude all conduct of the profession of law.' . . . Id. Nevertheless, we have declined to hold that `every provision of CUTPA permits regulation of every aspect of the practice of law. . . ." Id., 520. We have stated, instead, that, `only the entrepreneurial aspects of the practice of law are governed by CUTPA.' Haynes v. Yale-New HavenHospital, 243 Conn. 17, 34, 699 A.2d 964 (1997). Accordingly, as in the health care context, `we conclude that professional negligence — CT Page 9047 that is, malpractice — does not fall under CUTPA.' Id." BeverlyHills Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, supra, 79. Therefore, "[t]he noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons." (Internal quotation marks omitted.)Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 35, 699 A.2d 964
(1997).
In the present case, Raymond and Rhonda Bowling, Jr., argue that Mead's actions stem from entrepreneurial or commercial aspects of lawyering because Mead was receiving advice from Raymond Bowling, Jr., on the development of a new business in exchange for legal services. The cause of this legal action does not pertain to the alleged business relationship between Raymond Bowling, Jr., and Mead. Rather, the action stems from Mead's allegedly insufficient legal representation of Raymond and Rhonda Bowling, Jr., while executing their mortgage documents and his subsequent acts, allegedly in violation of the attorney-client privilege, after the bankruptcy petition was filed. The alleged business relationship between Mead and Raymond Bowling, Jr., is of no relation to Mead's alleged misconduct arising out of his legal representation of Raymond and Rhonda Bowling, Jr.
In conclusion, there are no facts alleged that indicate Mead's allegedly malpractice and immoral, oppressive and unscrupulous behavior are based on entrepreneurial or commercial dealings performed in the course of his representation of Raymond and Rhonda Bowling, Jr.
Accordingly, the defendant's motion to strike count four is granted.
Foley, J